[667 NYS2d 420]

In the Matter of LAWRENCE R. SYKES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 12, 1998

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Matthew Renert* of counsel), for petitioner.

*William Greenberg,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition and supplemental petition contain six charges of professional misconduct against the respondent. By stipulation dated April 21, 1997, Charges One, Five, and Six were amended. After a hearing, the Special Referee sustained all of the charges against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent does not oppose the Grievance Committee's motion, but argues that, in view of the mitigating circumstances, the sanction imposed should be limited to a public censure.

Charge One, as amended, alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

On or about October 23, 1991, the respondent was retained by Paulette Covington Davis to prosecute a medical malpractice action against Montefiore Medical Center (hereinafter the Medical Center) in Bronx County, based upon incidents which occurred on or about July 29, 1991. The respondent had Ms. Davis sign a retainer agreement and advised her that the first step would be to investigate whether any malpractice occurred. Shortly thereafter, the respondent advised Ms. Davis that he had ordered her medical records from the Medical Center and requested $200 from her to pay for the cost of those records. Ms. Davis paid $200 to the respondent in February 1992. Later that month, the respondent advised Ms. Davis by telephone that he had not yet received her records, but that he would contact her when they arrived. From that time through December 1993, Ms. Davis contacted the respondent three or four times to inquire about the status of her case. In December 1993, Ms. Davis sent the respondent a letter requesting an update on her case. When the respondent received the letter, he reviewed Ms. Davis's file and discovered that he never received her medical records from the Medical Center.

On or about February 28, 1994, the respondent purchased an index number for Ms. Davis's action and filed a summons and complaint dated February 23, 1994 with the Bronx County Clerk's office. On or about June 28, 1994, the respondent served a copy of the summons and complaint on the Medical Center. The Medical Center subsequently moved to dismiss the action as time barred due to the passing of the Statute of Limitations.

The respondent failed to oppose the motion. By an order dated May 16, 1995, the motion was granted and Ms. Davis's action was dismissed.

Charge Two alleges that, based on the forgoing factual allegations, the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Section 691.20 of the Rules Governing the Conduct of Attorneys in the Appellate Division, Second Department (22 NYCRR 691.20), provides that every attorney who enters into a retainer agreement in which his compensation is contingent upon the outcome of an action to recover damages for personal injuries shall file a written retainer statement with the Office of Court Administration within 30 days from the date of the retainer agreement.

In October 1991, the respondent entered into such a retainer agreement with Ms. Davis. However, he failed to file a retainer statement with the Office of Court Administration until January 1995.

Charge Four alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and 22 NYCRR 691.4 (l) (1) (i).

By a letter dated January 19, 1995, counsel for the petitioner Grievance Committee requested that the respondent provide additional information to supplement his answer to the Davis complaint. When the respondent failed to do so, counsel sent a written request dated February 15, 1995, by certified mail, return receipt requested. By a letter dated March 23, 1995, the respondent advised the petitioner that the Medical Center's attorneys had moved to dismiss Ms. Davis's action as time barred, but that he would make an application to be substituted as counsel upon the denial of the Medical Center's motion.

On or about April 19, 1995, the petitioner asked the respondent to provide copies of the pleadings in the Davis action in order to determine whether the respondent had any basis for his assertion that the motion to dismiss the action would be

denied. When the respondent failed to provide the requested pleadings, the petitioner reiterated its request in a letter dated May 3, 1995, which the respondent failed to answer. The petitioner then made another request in a letter dated May 19, 1995, which was sent to the respondent by certified mail, return receipt requested. The respondent again failed to answer.

On June 14, 1995, the petitioner telephoned the respondent to inquire about his failure to respond to the petitioner's letters. The respondent stated that he received a notice from the post office advising him that he had a certified letter to pick up. Although the respondent failed to pick the letter up, he stated that he would do so on June 15, 1995. On that date, however, the petitioner's May 19, 1995 letter was returned to the petitioner's offices marked "unclaimed." The envelope indicated that the post office had given the respondent notice of the letter on at least two separate occasions.

On June 15, 1995, the petitioner sent another letter to the respondent by certified mail, return receipt requested, reiterating its request for copies of the pleadings in the Davis matter. On July 5, 1995, that letter was returned as "unclaimed" to the petitioner's offices by the post office. On the same day, the petitioner telephoned the respondent's office and left a message on his answering machine that, if the requested pleadings were not provided by July 12, 1995, the petitioner would seek a subpoena duces tecum for their production. The petitioner finally received the pleadings from the respondent on July 13, 1995.

Charge Five, as amended, alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about July 1995, Lois Fountain retained the respondent, pursuant to an oral agreement, to defend her in an action by the law firm of Muldoon, Horgan & Loughman (hereinafter MH&L) in New Rochelle City Court. Upon payment by Ms. Fountain of a retainer fee of $350, the respondent prepared and filed an answer and counterclaim.

On or about August 25, 1995, MH&L served the respondent with a demand for a bill of particulars relating to Ms. Fountain's defenses and counterclaim. The respondent did not prepare or file a bill of particulars. MH&L subsequently moved for preclusion for failure to file a bill of particulars. The respondent never advised Ms. Fountain of MH&L's motion. The respondent subsequently defaulted on the motion. By a deci-

sion and order dated December 12, 1995, the respondent was given an additional opportunity to serve a bill of particulars. The respondent was served with a copy of that decision and order in or about January 1996. The respondent again failed to prepare and file a bill of particulars. By a decision and order dated February 8, 1996, the court struck Ms. Fountain's answer and counterclaim and entered a judgment against Ms. Fountain in the amount of $6,084.38 plus interest.

Charge Six, as amended, alleges that, based on the foregoing factual allegations, the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In view of the documentary evidence presented by the Grievance Committee and the respondent's admissions, the Special Referee properly sustained all of the charges against the respondent.

In determining the appropriate measure of discipline to impose, we have considered the mitigation evidence proffered by the respondent, including his wife's illness during the period in question, the character evidence that was submitted by the respondent, and his prior disciplinary history, which consists of a letter of caution dated December 3, 1985, for failing to cooperate with an investigation of the Grievance Committee, and a public censure dated October 2, 1989.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Lawrence R. Sykes, is suspended from the practice of law for a period of one year, commencing February 13, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court,

the respondent, Lawrence R. Sykes, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.